# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

SAMUEL K. LIPARI, )
)
                Plaintiff, )
)
v. ) Case No. 06-1012-CV-W-FJG
)
U.S. BANCORP and )
U.S. BANK NATIONAL ASSOCIATION, )
)
                Defendants. )

## ORDER

Currently pending before the Court is plaintiff's Motion to Remand (Doc. # 6); plaintiff's Motion for a More Definite Statement (Doc. # 10); plaintiff's Motion to Vacate Case Management Order (Doc. # 11); defendants' Motion for Leave to File Excess Pages (Doc. # 15); defendant's Motion to Dismiss or in the Alternative to Transfer (Doc. # 16) and plaintiff's Motion to Stay Further Proceedings Pending Appeal (Doc. # 18).

### I. BACKGROUND

On October 22, 2002, Medical Supply Chain, Inc. ("Medical Supply") filed an action in the United States District Court for the District of Kansas alleging both state and federal claims <u>Medical Supply Chain, Inc. V. U.S. Bancorp, N.A. et al.</u>, Case 02-2539, ("Medical Supply I"). On June 16, 2003, Judge Murguia dismissed the federal claims with prejudice and dismissed the state claims without prejudice. This decision was affirmed by the Tenth Circuit. The second case brought by plaintiff was <u>Medical Supply Chain Inc. v. General Electric Company et al.</u>, Case No. 03-2324 which was filed on June 18, 2003 ("Medical Supply II"). On January 29, 2004, the Court granted

defendants' Motions to Dismiss. The Tenth Circuit affirmed the dismissal of these claims on July 26, 2005. Medical Supply then filed an identical action in the Western District of Missouri on March 9, 2005 captioned Medical Supply Chain, Inc. v. Neoforma, Inc. (05-210-CV-W-ODS) ("Medical Supply III"). In that case, U.S. Bancorp and U.S. Bank National Association were named again as defendants in the Complaint which also alleged violations of state and federal law. On June 15, 2005, Judge Ortrie Smith transferred Medical Supply III to the District of Kansas. On March 7, 2006, Judge Murguia granted defendants' motion to dismiss. Medical Supply appealed this order to the Tenth Circuit where it remains pending. On November 28, 2006, Samuel Lipari filed the instant action in Jackson County Circuit Court against U.S. Bancorp, NA and U.S. Bank NA (Jackson County Case No. 0616-CV-32307). On December 13, 2006, the defendants removed the action to this Court on the basis of diversity. Defendants now move to dismiss plaintiff's case or alternatively to transfer it to the District of Kansas pursuant to 28 U.S.C. § 1404 (a). Plaintiff did not respond to the Motion to Dismiss or Alternatively to the Motion to Transfer.

**II. STANDARD**

28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court in Houk v. Kimberly-Clark Corp., 613 F.Supp. 923, 927 (W.D.Mo. 1985), stated that "[i]n any determination of a motion to transfer under § 1404(a), the plaintiff's choice of a proper forum is entitled to great weight, and will not be lightly disturbed." The Court also observed:

> It is incumbent upon the party seeking transfer to make a clear showing

that the balance of interests weighs in favor of the proposed transfer, and
unless that balance is strongly in favor of the moving party, the plaintiff's
choice of forum should not be disturbed. . . . Where the balance of
relevant factors is equal or only slightly in favor of the movant, the motion
to transfer should be denied.

Id. at 927 (internal citations omitted).

In Enterprise Rent-A-Car Co. v. U-Haul International, Inc., 327 F.Supp.2d 1032 (E.D.Mo. 2004) the Court stated:

In determining whether or not to transfer venue, the Court must
consider the three general categories of factors stated in §1404(a): (1) the
convenience of the parties, (2) the convenience of the witnesses, and (3)
whether the transfer would be in the interest of justice.

Id. at 1045 citing Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir.), cert. denied, 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997).

### III. DISCUSSION

**A. Motion to Transfer**

Defendants state that this is the third lawsuit stemming from the same operative facts where Medical Supply Chain or Mr. Lipari have named U.S. Bancorp and U.S.Bank as the defendants.[1] Defendants state that federal courts have consistently and uniformly ordered section 1404(a) transfers to other federal district courts when related lawsuits are pending in the transferring court. In Prudential Insurance Co. of America v. Rodano, 493 F.Supp. 954 (E.D.Pa. 1980), the Court stated:

The most compelling reason for transfer is that it would best serve the
interests of justice. The presence of two related cases in the transferee
forum is a substantial reason to grant a change of venue. The interests of
justice and the convenience of the parties and witnesses are ill-served

---

[1] Neither U.S. Bancorp nor U.S. Bank Association were named as defendants in Case 03-2323.

3

when federal cases arising out of the same circumstances and dealing with the same issues are allowed to proceed separately. The substantial likelihood that this case will be consolidated with the two related cases pending in the United States District Court of Maryland, sitting at Baltimore, weighs heavily in favor of transfer.

Id. at 955.

Defendants do not discuss whether it would be more convenient for the witnesses and parties if this case were transferred to the District of Kansas. However, because the locations of the two courthouses are relatively close, the Court does not find that transferring this case would play a major factor for either the parties or the witnesses. Additionally, the Court finds that the interests of justice would be better served if this case were transferred to the District of Kansas. That district has become extensively familiar with the plaintiff and his various lawsuits over the years. Transfer of this case would conserve judicial resources and avoid the risk of potentially conflicting rulings from different courts.

As mentioned previously, the plaintiff's choice of forum is entitled to great deference. However, the Court finds that the balance of interests in this case weighs strongly in favor of transferring this case due to the extensive previous history that plaintiff has had with his various cases in the District of Kansas. Therefore, because the District of Kansas is a proper alternative forum, this Court hereby **GRANTS** defendants' Motion to Transfer this case to the District Court of Kansas (Doc. # 16).

**B. Motion to Remand**

Plaintiff moves to remand this case because he states that the Kansas District

4

Court still has jurisdiction over his state law claims[2]. Plaintiff also states that diversity jurisdiction does not exist. Plaintiff does concede that the Supreme Court has determined that national bank associations are to be treated as residents of the state in which they have their main office, but he argues that this does not save the defendants' removal from being frivolous. He states that diversity jurisdiction still does not exist, despite the movement of the pendant claims to state court. Plaintiff states that claims were filed against the Missouri domiciled defendant Shugart, Thompson & Kilroy as a defendant. Thus, he argues that the presence of this defendant destroys diversity jurisdiction.

Defendants state in opposition that the Motion to Remand should be denied because diversity jurisdiction exists between the parties and the removal was proper. Defendants note that there is no Missouri defendant who was named in plaintiff's state court petition. In his state court petition filed on November 28, 2006, plaintiff named only U.S. Bancorp and U.S. Bank, both of whom are considered Minnesota residents. Additionally, defendants note that the District Court in Kansas did not retain jurisdiction over plaintiff's state law claims, but rather dismissed these claims without prejudice.

The Court agrees with defendants and finds that the removal was proper and diversity jurisdiction exists between the parties. Accordingly, the Court finds no basis for remanding this action and therefore **DENIES** plaintiff's Motion to Remand (Doc. # 6).

---

[2] It is unclear how this argument would support remanding this case to the Jackson County court.

5

## III. CONCLUSION

The Court **GRANTS** defendants' Motion for Leave to File Excess Pages (Doc. # 15); **DENIES** as **MOOT** plaintiff's Motion to Reconsider the Court's Case Management Order (Doc. # 11); **DENIES** as **MOOT** plaintiff's Motion to Stay (Doc. # 18); **DENIES** plaintiff's Motion for a More Definite Statement (Doc. # 10); **DENIES** plaintiff's Motion to Remand (Doc. # 6) and **GRANTS** defendants' Motion to Transfer this Case to the District Court of Kansas (Doc. # 16).


Date:  4/4/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge

6